## WOOD v. TIMMERMAN.

A judgment debtor conveyed all his land to his wife, after which it was levied and sold under the judgment, the debtor not making any claim to a homestead. In action by the purchaser, the Circuit Judge vacated the deed by the debtor to his wife because it had been executed with intent to defraud his creditors, and declared the debtor entitled to a homestead in this land. *Held*, that the homestead of the debtor not being subject to levy, had not been sold, and the deed to his wife having been set aside and she not having appealed, the debtor was entitled to homestead in this land.

Mr. Justice McGowan *dissenting.*

Before WITHERSPOON, J., Edgefield, March, 1887.

This was an action by Wood, Tabor & Morse to recover from Savannah Timmerman a tract of land conveyed to her by her husband, the other defendant, and to set aside as fraudulent a deed to her from her husband, executed after the entry of a judgment against him, under which the plaintiffs had purchased the property at sheriff's sale. The decree appealed from was as follows:

It appears by the return of the sheriff that M. B. Timmerman, at the time of said sale by the sheriff, owned no other land subject to levy and sale. The land in dispute was levied upon by the sheriff of Edgefield County, as the property of M. B. Timmerman, under the execution in favor of the Navassa Guano Co., as aforesaid, and sold on salesday in May, 1886, to plaintiffs for $1,000, to whom the sheriff made titles June 25, 1886.

The Navassa Guano Company's execution, under which the land was sold, was the only execution against M. B. Timmerman which could create a lien on the land, prior to the conveyance of the land to the wife. The sheriff could only sell and convey to plaintiffs such *leviable interest* as M. B. Timmerman had in the land at the time that he conveyed to his wife. The lien of judgments is regulated by statute. Section 310 of the Code expressly provides that final judgments shall not create a *lien* upon real property of the judgment debtor, "exempt from attachment, levy, and sale under the constitution." *Cantrell* v. *Fowler*, 24 S. C.,

428. As M. B. Timmerman was, at the time that the judgment was obtained and still is, the head of a family, and owned no other lands, I conclude, as a matter of law, that M. B. Timmerman was entitled to a homestead exemption out of the lands in dispute, and that his right to said exemption has not been affected by either the levy, sale, or conveyance by the sheriff, as aforesaid.

It is contended that by his *laches* and negligence in not applying for his homestead exemption, the defendant, M. B. Timmerman, has forfeited any right he may have had to a homestead exemption out of the land in dispute. The right to a homestead exemption is provided by statute, under section 1994 of the General Statutes, and the right to the exemption does not depend upon the application of the party entitled to it. The statute provides that a homestead *shall be exempt to the head of the family*, and makes it *the duty of the sheriff before selling land to set off a homestead*, and to appoint an appraisor for the judgment debtor when he neglects or refuses to select one, after notice from the sheriff. In view of the fact that the defendant, M. B. Timmerman, had conveyed the *title* to the land to his wife, at the time of the levy, the sheriff's conduct in not taking any steps to lay off the homestead as required by statute, is not surprising. It, however, seems clear, under the statute, that the omission of said defendant to apply to the sheriff for a homestead exemption could not now deprive him of the right to said exemption. If it appeared that the value of the land in dispute did not exceed the homestead exemption, plaintiffs could acquire no interest in the land under the sheriff's deed, and the complaint herein should be dismissed. I find as matter of fact that the value of the land in dispute exceeds the value of the homestead.

I find as matter of fact, that M. B. Timmerman conveyed the land in dispute to his wife, Savannah Timmerman, with intent to hinder, delay, and defraud plaintiffs and his other creditors aforesaid, and that Savannah Timmerman, the wife, accepted such conveyance without paying valuable consideration and with knowledge of the fraudulent purpose on the part of her husband. I conclude as matter of law, that the deed of conveyance of the land in dispute by M. B. Timmerman to his wife, Savannah Tim-

merman, should be set aside as a fraud upon the creditors of M. B. Timmerman.

It is contended that the effect of allowing the homestead exemption, after setting aside the deed from the husband to the wife on the ground of fraud, would be to enable M. B. Timmerman to take advantage of his own wrong. Such would be the result, if the creditors of M. B. Timmerman ever had any interest in the homestead exemption. I cannot see how creditors could be hindered, delayed, or defrauded by the transfer of property that is exempt by law and cannot be held liable to contribute to the satisfaction of their debts. As the creditors had no interest in the homestead exemption at the time of the conveyance to the wife, I fail to see how they could be benefited, so far as the homestead exemption is concerned, by the setting aside of said conveyance. The deed from the husband to the wife is set aside on the ground that it hinders, delays, and defrauds the creditors of the husband to the extent of the husband's interest in the land, over and above the homestead exemption. The effect of setting aside the deed from the husband to the wife, so far as the creditors are concerned, is to leave the land in dispute in the same condition as if no such conveyance had ever been made. As between the parties to this action, I conclude as matter of law, that the judgment under which the land in dispute was sold, created a lien upon the land, and the sheriff's deed to plaintiffs conveyed a valid title to plaintiffs to the interest in the land of M. B. Timmerman, the judgment debtor, subject to M. B. Timmerman's right of homestead exemption out of the land. To this extent plaintiffs have established a valid title to the land in dispute, and are entitled to judgment for the recovery of the possession of the land, with costs.

It is therefore ordered, adjudged, and decreed, that the deed of conveyance of the 242 acres of land, more or less, in dispute, from the defendant, M. B. Timmerman, to the defendant, Savannah Timmerman, dated July 31, 1885, referred to in the complaint, be set aside as fraudulent. * * * It is further ordered and decreed, that the defendant, M. B. Timmerman, do within twenty days from notice by the clerk of the filing of this decree, apply by petition to the master for Edgefield County to have a

12

homestead assigned to him out of the land in dispute, &c.    It is
further ordered, adjudged, and decreed, that plaintiffs have leave
to enter up judgment and issue execution for the possession of
all of the 242 acres of land, more or less, in dispute, over and
above the homestead to be assigned the defendant, M. B. Tim-
merman, as herein directed, together with the costs of this action.

*Messrs. Gary & Evans* and *A. S. Tompkins,* for appellants.

*Mr. S. McG. Simkins,* contra.

July 13, 1888.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    The grounds of appeal in this
case do not make it necessary to state all of the questions and
facts passed upon below, but only so much thereof as may be
applicable to said grounds.    M. B. Timmerman conveyed a cer-
tain tract of land, containing 242 acres, to his wife, Savannah.
He seems to have been indebted to several parties at the time,
many of whom obtained judgment against him, after the execu-
tion of the deed to his wife; but one creditor, the Navassa Guano
Company, obtained a judgment before, and this was the only
claim that had lien on the land of Timmerman at the date of his
conveyance to the said Savannah.    Under this judgment the
sheriff levied upon and sold the said tract, the plaintiffs being the
purchasers at the price of $1,000.    The plaintiffs then brought
the action below for the recovery of the land, and also to set
aside the deed to the said Savannah, as fraudulent and void
because executed to hinder, delay, and defeat creditors.    Several
defences were set up, unnecessary to be mentioned here, and the
defendant, M. B. Timmerman, claimed a homestead.

His honor, Judge Witherspoon, found as matter of fact, that
the conveyance to Savannah was void, because intended to
defraud creditors (from which finding there has been no appeal).
He therefore ordered said deed to be delivered up and cancelled.
He, however, further ordered and decreed that the defendant,
M. B. Timmerman, was entitled to a homestead, and that he .
should be allowed twenty days from notice of the filing of his
decree to apply by petition to the master for Edgefield County

to have a homestead assigned to him out of the land in dispute, &c. From this decree the plaintiffs have appealed on the following grounds: "1. Because the court erred in allowing M. B. Timmerman a homestead in the tract of land described in the complaint. 2. Because he erred in finding it even necessary to set aside the deed made by M. B. Timmerman to his wife, Savannah, in order to give to the plaintiffs the possession of the land. 3. Because M. B. Timmerman is estopped from claiming or obtaining homestead."

The conveyance of M. B. Timmerman to his wife having been found fraudulent as to his creditors, it followed necessarily that said deed should be vacated and set aside, at least in so far as it affected the rights of said creditors, in accordance with the prayer of the complaint. We therefore do not understand appellants' second exception above. The complaint is not set out in the "Case," but it is stated in the decree of his honor, that the action of plaintiffs was to recover the land, and to have a conveyance of said land by the defendant, M. B. Timmerman, to his wife the defendant, Savannah Timmerman, set aside on the ground that said conveyance was intended to hinder, delay, and defraud the creditors of the defendant, M. B. Timmerman. This object has been accomplished, and at the demand of the plaintiffs. We do not therefore understand the exception as to said matter. We suppose, however, the main point in the appeal is in reference to the homestead. And that the object of appellants is to deny the right of a homestead being carved out of the land in dispute. Or, in other words, that the deed to the sheriff conveyed the entire tract to the said plaintiffs.

We think his honor was correct in holding that the homestead was not the subject of levy and sale, and therefore could not pass under the sheriff's deed. The debts of M. B. Timmerman were all since the constitution of 1868; the judgments thereon had no lien on the homestead. *Cantrell* v. *Fowler*, 24 S. C., 424. He was a married man. He was entitled to a homestead as against said debts, and the sheriff had no right to levy thereon. Timmerman had the right to sell it, and it is true that, having sold it to his wife, as against him she might have a paramount claim, but as to his creditors, they have no interest; nor have they any

legal right for the reason that they have no interest to object to
the decree of the judge upon the subject.   The wife might have
appealed in so far as the decree vacates the deed to the extent of
the homestead.   But she makes no appeal, and she acquiesces
in the setting aside of the entire deed, which presents the case as
if no deed had ever been executed, and therefore entitles M. B.
Timmerman to claim his homestead, as allowed in the decree.

It is the judgment of this court, that the judgment of the Cir-
cuit Court be affirmed.

· Mr. Justice McIver concurred.

Mr. Justice McGowan did not concur.